## STEBBINS *v.* STEBBINS ET AL.

From the Grant Circuit Court.

*J. Brownlee* and *H. Brownlee*, for appellant.

*I. Van Devanter, J. F. McDowell* and *D. V. Burns*, for appellees.

WORDEN, J.—This was an action by the appellant against the appellees, for the partition of certain lands, and to quiet the plaintiff's title thereto.    Issue, trial by the court, finding and judgment for the defendants.

The only question involved here is whether the finding was sustained by the evidence.

The case claimed to have been established by the plaintiff is, in brief, this:    That the plaintiff's father, Jeremiah B. Stebbins, Sr., died, intestate, in said county, leaving a stock of merchandise, and leaving a widow, Catharine Stebbins, and eight children, among whom, besides the plaintiff, were Jeremiah B. Stebbins, Jr., Elijah Stebbins and Mary E. Webb; that Jeremiah B. Stebbins, Jr., and the widow, with-

out having taken out letters of administration upon the estate, traded the goods for the land in controversy. The plaintiff. seeks to follow his interest in the goods into the land, the title to which was taken in the name of the widow, Catharine Stebbins.

The plaintiff also claimed to have purchased the shares of Elijah Stebbins and Mary E. Webb in the land.

The evidence is not very conclusive that the land was purchased with the goods. In this respect it is contradictory. But, assuming that it was thus purchased, we proceed to consider the case as it appears in other aspects. The evidence shows that on October 19th, 1863, Elijah Stebbins executed a quitclaim deed to the plaintiff for his interest in the premises, and on the same day Mary E. Webb, with her husband, executed to the plaintiff a quitclaim deed of her interest in the premises. Afterwards, on April 22d, 1867, the plaintiff executed to said Catharine Stebbins a quitclaim conveyance of the undivided two-eighths of the premises. This latter deed, on the plaintiff's own theory, conveyed to said Catharine all the interest which he had in the premises. The widow, as between herself and the heirs, was entitled to one-third of the goods claimed to have been traded for the land, saying nothing of her right to take three hundred dollars first, free from the demands of creditors. 1 G. & H. 295, secs. 20–24. The widow then would be entitled to one-third of the land purchased with the goods, and each of the eight children to one-twelfth. The plaintiff then had one-twelfth, and he bought one-twelfth each from Elijah and Mary E., making three-twelfths, or one-fourth, and this is precisely what he conveyed by his deed to Catharine.

It appears, therefore, that he has no interest in the land. But the plaintiff testified, amongst other things, as follows:

"I purchased the interest of Elijah Stebbins and Mary Webb in the land in controversy (home farm), and had the same conveyed in trust to my mother, for the benefit of her, my mother, myself, Phœbe and Frances. It was agreed between myself, Phœbe, Frances and my mother, that I

should convey to her, my mother, the property, and she would hold it in trust for us, myself, Phœbe and Frances," etc.

. The evidence is contradictory as to this alleged express trust, both Phœbe and Frances denying it. We therefore express no opinion as to its validity, were it to be deemed as established by parol.

In any view of the case, we think the judgment will have to be affirmed.

The judgment below is affirmed, with costs.

Petition for a rehearing overruled.